*480 OPINION.
Smith:
Petitioner claims that it was a personal service corporation for the fiscal year ended August 31, 1920. Section 200 of the Revenue Act of 1918 provides in part:
Tiie term “ personal service corporation ” means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists either (1) of gains, profits or income derived .from trading as a principal, or (2) of gains, profits, commissions, or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1018. both dates inclusive.
The record of this action shows that the. petitioner meets all the requirements of the above definition of a personal service corporation, unless it be that capital was a material income-producing factor. The total income for the year from commissions, brokerage, and management fees, including $35 for tarpaulin hire, was $103,969.97 and the commissions paid in earning such income were $5,116.82. The *481 gross income for the year was $105,083.94. Only $6,230.79 of this amount is ascribable to the use of capital. Four thousand six hundred and eighty-six dollars and eighty-six cents of the amount was received as dividends on the stock of domestic corporations, which is deductible from gross income in ascertaining the net taxable income of the petitioner. It ,is furthermore to be noted that investments of a corporation in the shares of stock of domestic corporations constitute inadmissible assets only a portion of which can be included in invested capital. See section 326 (c) of the Revenue Act of 1918.
The only part of the net income of the corporation liable to income tax ascr.ibable to the use of capital is the item of interest received, $833.93, and profit on the sale of 71 shares Propeller Tow Boat Co. stock, $710. The sum of these two amounts constitutes only a negligible part of the total income of the corporation- We are therefore of the opinion that capital was not a material income-producing factor of the petitioner for the taxable year. Cf. F. Merges & Co., 11 B. T. A. 444.

Judgment of no deficiency will be entered for the petitioner.